# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>    Plaintiff,<br><br>v.<br><br>MUSTAFA KAID ALI MANE dba Airport Grocery,<br><br>    Defendant. | Case No. 1:22-cv-00574-ADA-SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**FINDINGS AND RECOMMENDATIONS TO DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**<br><br>(Docs. 1, 13, 14)<br><br>**14 DAY DEADLINE** |

## I.    INTRODUCTION

On May 12, 2022, Plaintiff Darren Gilbert ("Plaintiff") filed a Complaint against Defendant Mustafa Kaid Ali Mane dba Airport Grocery alleging claims under the American with Disabilities Act (ADA), California's Unruh Civil Rights Act, and California's Health and Safety Code. (Doc. 1). These claims stem from alleged barriers Plaintiff encountered (such as a lack of designated accessible parking stalls) while he visited a facility owned, operated, or leased by Defendant— Airport Grocery and Liquor. (*See id.*) Defendant has not appeared. Plaintiff has obtained a clerk's entry of default against them but has not yet moved for entry of default judgment. (Doc. 8.)

On March 20, 2023, the undersigned ordered Plaintiff to show cause why the Court should

not decline to exercise supplemental jurisdiction over his Unruh Act claim in light of the Ninth Circuit's decision in *Vo v. Choi*. (*See* Doc. 13.); *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) (affirming a district court's decision to decline supplemental jurisdiction over an Unruh Act claim); *see* 28 U.S.C. § 1367(c). Plaintiff timely filed a response on April 3, 2023. (Doc. 14.) For the reasons discussed below, the undersigned shall discharge the order to show cause and shall recommend that supplemental jurisdiction over Plaintiff's Unruh Act claim, as well as his California Health & Safety Code claims, be declined and those claims be dismissed without prejudice.

## II.     LEGAL STANDARDS

Under 28 U.S.C. § 1367(a), a court that has original jurisdiction over a civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Ninth Circuit has concluded that ADA and Unruh Act claims that derive from a common nucleus of operative fact "form part of the 'same case or controversy' for purposes of § 1367(a)." *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021).

However, even where supplemental jurisdiction over a claim exists under § 1367(a), the Court may decline jurisdiction over the claim under § 1367(c) if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c)(1)-(4).

Pertinent here, a court deciding whether to apply § 1367(c)(4) must make "a two-part inquiry." *Arroyo*, 19 F.4th at 1210. "First, the district court must articulate why the circumstances of the case are exceptional within the meaning of § 1367(c)(4)." *Id.* (citations and internal quotation marks omitted). "Second, in determining whether there are compelling reasons for declining jurisdiction in a given case, the court should consider what best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine articulated in

2

[*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)]." *Id.* (citations and internal quotation marks omitted).

After considering § 1367(c)(4) and California's requirements for bringing Unruh Act claims, "[n]umerous federal district courts across California have declined to exercise supplemental jurisdiction over Unruh Act . . . claims brought alongside ADA claims." *Rutherford v. Nuway Ins. Agency Inc.*, No. SACV 21-00576-CJC-JDE, 2021 WL 4572008, at *1 (C.D. Cal. Apr. 1, 2021). Underlying these decisions is "the recent confluence of several California-law rules [that] have combined to create a highly unusual systemic impact on ADA-based Unruh Act cases that clearly threatens to have a significant adverse impact on federal-state comity." *Arroyo*, 19 F.4th at 1211.

Notably, Congress adopted the ADA to address the discrimination encountered by persons with disabilities, providing a private cause of action to seek injunctive, but not monetary, relief. *See Arroyo v. Rosas*, 19 F.4th 1202, 1205 (9th Cir. 2021) (discussing background and relief available under the ADA). The Unruh Act likewise prohibits disability discrimination, containing a provision, Cal. Civ. Code § 51(f), stating that a violation of the ADA also violates the Unruh Act. However, unlike the ADA, the Unruh Act allows a plaintiff to recover "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars." Cal. Civ. Code § 52(a).

In response to perceived abuses of the Unruh Act, California has enacted requirements for bringing such claims, which requirements the Ninth Circuit has assumed, without deciding, "apply only in California state court." *Vo*, 49 F.4th at 1170. For example a provision was added (1) regarding the contents of demand letters, Cal. Civ. Code § 55.31; (2) imposing heightened pleading requirements, Cal. Civ. Code § 425.50(a); and (3) requiring an additional filing fee of $1,000 for so called "high-frequency litigants," Cal. Gov't Code § 70616.5(b), *see* Cal. Civ. Code § 425.55(b) (defining a high-frequency litigant to include "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.").

All of these requirements[1] apply to claims alleging a construction-related accessibility

---
[1] Cal. Civ. Code § 55.31(a); Cal. Civ. Code § 425.50(a), Cal. Gov't Code § 70616.5(a).

violation, defined as involving "a provision, standard, or regulation under state or federal law requiring compliance with standards for making new construction and existing facilities accessible to persons with disabilities," including those related to the ADA. Cal. Civ. Code § 55.52(a)(1), (6); *see* Cal. Civ. Code § 55.3(a)(2). By enacting such restrictions, California has expressed a "desire to limit the financial burdens California's businesses may face from claims for statutory damages under the Unruh Act." *Arroyo*, 19 F.4th at 1209 (internal quotations omitted). However, "Unruh Act plaintiffs have evaded these limits by filing in a federal forum in which [they] can claim these state law damages in a manner inconsistent with the state law's requirements." *Arroyo*, 19 F.4th at 1213 (internal quotation marks omitted). Consequently, "the procedural strictures that California put in place have been rendered largely toothless, because they can now be readily evaded." *Id.*

Recently, the Ninth Circuit provided substantial guidance on this issue in *Vo v. Choi* in affirming a district court's order denying supplemental jurisdiction over an Unruh Act claim under § 1367(c)(4). *Vo*, 49 F.4th at 1168. In that case, the district court declined supplemental jurisdiction over the Unruh Act claim after giving the plaintiff the opportunity to respond and before addressing the merits of the case. *Id.* at 1168-69. In reviewing the district court's decision, the Ninth Circuit held that the district court sufficiently explained why the circumstances of the case were exceptional under § 1367(c)(4), agreeing with the district court that "it would not be 'fair' to defendants and 'an affront to the comity between federal and state courts' to allow plaintiffs to evade California's procedural requirements by bringing their claims in federal court." *Id.* at 1171. The Court also affirmed the district court's finding that the balance of the *Gibbs* values—economy, convenience, fairness, and comity—provided compelling reasons to decline supplemental jurisdiction, stating that "the district court [properly] analyzed Vo's situation under the *Gibbs* values and determined that the values of fairness and comity favored not retaining jurisdiction over the claim." *Id.* at 1172. Accordingly, "[g]iven these very real concerns, in addition to the deferential standard of review, [the Ninth Circuit saw] no reason to hold that the district court abused its discretion in determining there were compelling reasons to decline jurisdiction over the Unruh Act claim." *Id.*

### III. ANALYSIS

The Court begins with the first part of the two-step inquiry under § 1367(c)(4)—whether the

circumstances here are exceptional. *Vo*, 49 F.4th at 1171.

As discussed above, California has enacted various requirements that apply to claims alleging a construction-related accessibility violation. If the Court were to exercise jurisdiction over Plaintiff's Unruh Act claim, Plaintiff would be permitted to avoid these requirements. *See Arroyo*, 19 F.4th at 1213 (noting that potential evasion of California's requirements met exceptional-circumstances prong of § 1367(c)(4)). Further, such evasion would undermine California's policy interests in enforcing its requirements—providing monetary relief but limiting burdens on small businesses and disincentivizing plaintiffs' attorneys from obtaining "monetary settlements at the expense of forward-looking relief that might benefit the general public." *Id.* Plaintiff offers no argument for why such circumstances should not be deemed exceptional, and there is "little doubt that the first prong [under § 1367(c)(4)] is satisfied here." *Vo*, 49 F.4th at 1171. *See also Garcia v. Maciel*, No. 21-CV-03743-JCS, 2022 WL 395316, at *2 (N.D. Cal. Feb. 9, 2022) (collecting cases).

Turning to the second part of the inquiry—whether there are other compelling reasons for declining jurisdiction—the Court considers the *Gibbs* values of economy, convenience, fairness, and comity. *Vo*, 49 F.4th at 1171. Importantly, this case is an early stage of the litigation— Defendant has not appeared. While Plaintiff has obtained a clerk's entry of default against Defendant, he has not yet moved for default judgment, and thus, the merits of Plaintiff's claims have not yet been addressed. *See Arroyo*, 19 F.4th at 1214 (noting that the *Gibbs* values did not support declining supplemental jurisdiction where the case was at a "very late stage"). This is not a case "where it makes no sense to decline jurisdiction . . . over a pendent state law claim that that court has effectively already decided." *Id.* Notably, Plaintiff makes no argument that the stage of this case warrants exercising jurisdiction.

Moreover, in light of the above discussion of California's requirements for Unruh Act claims, it would not be fair, nor would comity be served, by allowing Plaintiff's Unruh Act claim to proceed without the state court being able to enforce its policy interests as reflected in its various procedural requirements. *Id.* at 1213 (noting "comity-based concerns that California's policy objectives in this area were being wholly thwarted" by plaintiffs being able to bring Unruh Act claims in federal court). On this issue, Plaintiff concedes in his response to the show cause order

5

that he would be considered a high-frequency litigant and would otherwise have to meet certain California requirements, such as paying the $1,000 filing fee in state court.[2] (Doc. 14 at 2 ("Plaintiff acknowledges that he would be considered a high-frequency litigant under California law as he filed more than ten construction-related accessibility claims in the twelve months preceding the filing of the instant action.").)

Plaintiff raises two arguments for why the Court should exercise jurisdiction. First, Plaintiff states that his complaint meets the heightened pleading requirements of § 425.50. (*See* Doc. 14 at 2.) At this stage, however, the Court only need to determine whether California's requirements are implicated, not whether they are in fact met. As *Vo* noted, whether a Plaintiff "has satisfied the heightened pleading requirements" imposed in California is a question for the state court because "[f]orcing the district court to determine if [this is] in fact true would itself run afoul of the *Gibbs* values—especially comity," and would deprive California of playing its "critical role in effectuating the policies underlying [its] reforms." *Vo*, 49 F.4th at 1173-74 (internal citation omitted).

Second, Plaintiff contends that requiring him to bring a second action in state court "would be duplicative and would only increase the ultimate burden on the subject business, as Plaintiff would be entitled to seek recovery of the additional attorney's fees and costs spent bringing the second action." (Doc. 14 at 3.) As an initial matter, this argument improperly assumes that Plaintiff will be successful in this action. Even accepting such an assumption, the fact that the litigation could prove duplicative or increase costs does not, in light of the other considerations, warrant retaining jurisdiction. As one court has concluded, "if plaintiff legitimately seeks to litigate this action in a single forum, plaintiff may dismiss this action and refile it in a state court in accordance with the requirements California has imposed on such actions." *Garibay v. Rodriguez*, No. CV 18-9187 PA (AFMX), 2019 WL 5204294, at *6 (C.D. Cal. Aug. 27, 2019). Moreover, it is California's prerogative to impose a heightened filing fee for high-frequency litigants in an effort to curb abuses of the Unruh Act at the risk of the fee being ultimately paid by defendants. It would undermine comity and fairness were Plaintiff permitted to proceed with his Unruh Act claim in light of

---

[2] While the Court acknowledges Plaintiff's concession, it need not determine whether he is in fact a high-frequency litigant. *Vo*, 49 F.4th at 1174 (noting that court was not required to determine whether the plaintiff was in fact a high-frequency litigant).

California's policy concerns.

Accordingly, considering the two-step inquiry under § 1367(c)(4), the undersigned concludes that this case presents "exceptional circumstances" such that "there are other compelling reasons for declining [supplemental] jurisdiction" over Plaintiff's Unruh Act and Health & Safety Code claims.[3]

### IV.   ORDER AND RECOMMENDATIONS

The Court's order to show cause (Doc. 13) is hereby DISCHARGED.  For the reasons given above, IT IS RECOMMENDED as follows:

1. Pursuant to 28 U.S.C. § 1367(c)(4) and *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022), the Court DECLINE to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and Plaintiff's Cal. Health & Safety Code § 19955 and § 19959 claims; and

2. Plaintiff's Unruh Act and Cal. Health & Safety Code § 19955 and § 19959 claims be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(4).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  **Within fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __April 14, 2023__          /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff's California Health & Safety Code claims are subject to the same heightened pleading and filing requirements as his Unruh Act claim.  *See Gilbert v. Singh*, No. 1:21cv1338-AWI-HBK, 2023 WL 2239335, *2 (E.D. Cal. Feb. 27, 2023).  Therefore, the same considerations that counsel against maintaining supplemental jurisdiction over Plaintiff's Unruh Act claims apply equally to Plaintiffs Health & Safety Code claims.  *See id.*