UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>MUSTAFA KAID ALI MANE individually and dba AIRPORT GROCERY,<br><br>    Defendant. | No. 1:22-cv-00574 TLN AC<br><br>FINDINGS AND RECOMMENDATIONS |

This case is before the court on plaintiff's motion for default judgment, ECF No. 20, which was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19). The matter was set to be heard on the papers. ECF No. 27. Defendant did not file an opposition or take any actions in this case. For the reasons stated below, the court recommends that plaintiff's motion be granted.

    **I.    Relevant Background**

As stated in his complaint, plaintiff is a person with physical disabilities, including limited ability to walk; he requires the use of a wheelchair, knee scooter, or prosthetic for mobility. ECF No. 1 at 2. Defendant owns, operates, and/or leases the property containing a business known as Airport Grocery and Liquor, located at 2733 Lander Avenue, Turlock, California, 95380 (hereinafter "the Property"), and is a person (or persons), firm, and/or corporation. Id. at 1-2. Plaintiff asserts that Airport Grocery is a facility open to the public, a place of public

accommodation for nonresidential use, and a business establishment. Id. at 2. There is a parking lot on the Property. Id. at 3.

Plaintiff lives less than twenty miles from the Property, and visited the Property on or about December 17, 2021, to buy refreshments and snacks. ECF No. 1 at 2. Plaintiff alleges he encountered many accessibility problems. Plaintiff could not locate any designated accessible parking stalls in the Property's parking lot. Id. at 3. Plaintiff knows that if he returns to the Property while this barrier remains, it will be difficult for him to load and unload from his vehicle without a designated access aisle to ensure clear space adjacent to his vehicle. Id. at 3. Further, all the parking stalls had a very steep slope behind them. Since there was no safe path of travel in front of the parking stalls, to get from a parking stall to the Property entrance would require travelling behind the vehicles, which would be very dangerous due to the severe slope. As a result, plaintiff was unable to enter the business. Id. Plaintiff was, and continues to be, deterred from visiting the Property because of his awareness that the goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to him due to his physical disabilities. Id. Plaintiff enjoys the goods and services offered at the Property, and will return to the Property once the barriers are removed. Id.

On May 12, 2022, plaintiff filed this action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., the Unruh Civil Rights Act, Cal. Civ. Code § 51-53, and violations of California Health and Safety Code § 19955(a). ECF No. 1. The summons and complaint were timely served on defendant. ECF No. 4. The clerk entered default as to the defendant. ECF No. 8. The court dismissed without prejudice plaintiff's state law claims, declining to exercise supplemental jurisdiction. ECF Nos. 15, 17. On September 5, 2023, plaintiff moved for default judgment on the remaining federal claim. ECF No. 20. The motion for default judgment was served on the defendant. ECF No. 20-7. Defendant did not appear to oppose the motion, and has not otherwise appeared or taken any action in this case.

////

////

////

## II. Motion

Plaintiff moves for default judgment on his claims under the ADA and seeks injunctive relief, attorneys' fees, litigation expenses, costs and interest.  ECF No. 20.

## III. Analysis

### A. Legal Standard

Pursuant to Fed. R. Civ. P. 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924–25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th

Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").

B. The Eitel Factors

    a. Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would suffer prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

    b. Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175. Here, the merits of the claims and sufficiency of the complaint favor entry of default judgment.

Plaintiff moves for default judgment on one cause of action: violations of the American's with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"). "Title III of the ADA prohibits discrimination in public accommodations...." Kohler v. Bed Bath & Beyond of California, LLC, 780 F.3d 1260, 1263 (9th Cir. 2015). The elements of a Title III claim are: (1) plaintiff is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was discriminated against by the defendant because of plaintiff's disability. 42 U.S.C. § 12182(a); Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc., 603 F.3d 666, 670 (9th Cir. 2010). Discrimination, in this context, includes "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

Plaintiff alleges multiple types of discrimination in this case, all resulting from defendant's failure to provide adequate accessible parking spaces. Per the complaint, defendant has failed to provide at least one properly configured and identified accessible parking stall, in violation of 1991 ADAAG § 4.1.2(5)(a) (see also 2010 Standards § 208). "Creating designated accessible parking spaces" has been identified as an "exampl[e] of readily achievable steps to remove barriers." Johnson v. Altimira Corp., 2017 U.S. Dist. LEXIS 57647, at *3; 28 C.F.R. § 36.304(b)(18). Further, defendant failed to provide an accessible route of travel from the parking spaces to the business entrance as required by 1991 ADAAG §§ 4.1.2(1) and (4), 4.5 (see also 2010 Standards §§ 206.2.1, 403). Removal of this barrier is readily achievable, as it can be done easily and without much difficulty or expense by resurfacing the pavement. See, e.g., Estrada v. Gonzalez, No. CV 19-8746-DMG (Ex), 2022 U.S. Dist. LEXIS 49172, at *8 (C.D. Cal. Feb. 24, 2022) (finding the plaintiff made a prima facie showing that resurfacing an accessible route for an estimated $5,243 was readily achievable).

The facts alleged in plaintiff's complaint adequately detail the claimed violations, and taken as true, support plaintiff's ADA claim. ECF No. 1. The Americans with Disabilities Act Accessibility Guidelines, found in the ADA's implementing regulations at 28 C.F.R. Part 36 ("ADAAG") has been held by the Ninth Circuit to provide the "objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011). Plaintiff alleges there was no accessible parking space in the parking lot, and that there were excessive slopes, making it impossible for him to navigate to the building in violation of ADAAG guidelines. Id. at 2-3. Because plaintiff has alleged violations of the ADAAG that relate to his disability, he has properly alleged violations of the ADA. The merits of plaintiff's case thus favor entry of default judgment.

      c.   Factor Four: The Sum of Money at Stake in the Action

Under this Eitel factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176–77. Plaintiff seeks injunctive relief and $2,865.08 in attorney's fees and costs. ECF No. 20-1 at 6. The

complaint offers no information about the defendant's financial condition, so the court cannot tell if this is a significant amount of money to defendants. However, there is no evidence that defendant took any action after being served with the summons and complaint in order to avoid a judgment of this size. This factor accordingly weighs in favor of a default judgment.

### d. Factor Five: Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims and affidavits in support of its allegations. Here, the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.

### e. Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that the default was the result of excusable neglect. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Plaintiff served the defendant with the summons and complaint. ECF No. 4. Additionally, plaintiff served defendant by mail with notice of its application for default judgment. ECF No. 20-7. Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendant failed to defend themselves in this action. Thus, the record supports a conclusion that the defendant has chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

### f. Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.

Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy favoring decisions on the merits-and consistent with existing policy would prefer that this case be resolved on the merits-that policy does not, by itself, preclude the entry of default judgment.

Upon consideration of the Eitel factors, the court concludes that plaintiff is entitled to the entry of default judgment against defendants and makes a recommendation to that effect. What remains is the determination of the amount of damages to which plaintiff is entitled.

C. Terms of Judgment

Plaintiff requests injunctive relief and attorney's fees under Title III of the ADA.

### 1. Attorney's Fees

Attorney's fee awards are calculated using the "lodestar" method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate. Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (per curium). The hourly rate is generally calculated "according to the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). It is also the general rule that the court will use the rates of attorneys practicing in the forum district. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).

Plaintiff requests attorney fees at an hourly rate of $300, plus paralegal fees at an hourly rate of $115. No. 20-3 at 2-4. Plaintiff also seeks costs and litigation expenses. Id. at 6-7, ECF No. 20-6. Section 12205 of the ADA provides that a district court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. The statutory provisions of the ADA provide direct authority for the award of expert witness fees as litigation expenses under the ADA. See Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002). The total requested award for fees and costs is $2,865.08. ECF No. 20-6. The court finds this request to be reasonable. Accordingly, the undersigned will recommend that plaintiff be awarded a total of $2,865.08 in costs and fees.

### 2. Injunctive Relief

Plaintiff's complaint seeks an injunction requiring defendants to make changes and accommodations at the subject facility in a manner that achieves compliance with federal and

7

state regulations. ECF No. 20-6. As the factual allegations in the complaint are taken as true, plaintiff is entitled to injunctive relief as requested. See Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.").

### IV.     Conclusion

For the reasons explained above, it is hereby RECOMMENDED THAT:

1. Plaintiff's September 5, 2023 motion for default judgment (ECF No. 20) be GRANTED;
2. Defendant shall, within six (6) months of the date of this Order, make the Property accessible to plaintiff by making the following modifications to the property known as known as Airport Grocery and Liquor, located at 2733 Lander Avenue in Turlock, California, such that each item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act and California Code of Regulations, Title 24, as follows:
   a) Provide a properly configured and identified accessible parking stall with adjacent access aisle.
   b) Provide a properly configured accessible route of travel from the designated accessible parking to the Facility entrance.
3. Plaintiff is awarded his attorney's fees and costs in the amount of $2,865.08 payable by Defendant to the Moore Law Firm, P.C. Trust Account and which shall be delivered to the Moore Law Firm, P.C., 300 South First Street, Suite 342, San Jose, California 95113, within thirty (30) days of the date of this Order; and
4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file

objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998), as amended on denial of reh'g (Nov. 24, 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 29, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE